# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| WILLS JAMES YARBERRY WALKER, #385992, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00740-SDJ-CAN |
| v. | § § | |
| PLANO POLICE DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On August 29, 2022, *pro se* Plaintiff Wills James Yarberry Walker ("Plaintiff") filed his original complaint [Dkt. 1]. Plaintiff did not pay the filing fee or submit a Motion for Application to Proceed *In Forma Pauperis* at the time this case was filed. On September 19, 2022, the Court ordered Plaintiff to "either pay the requisite filing fee or file a complete application to proceed *in forma pauperis* that includes a current, six-month history of his inmate trust account" within 30 days, no later than Wednesday, October 19, 2022 [Dkt. 3]. Acknowledgement of the Court's Order is on file as of October 4, 2022 [Dkt. 4]. No motion to proceed *in forma pauperis* was filed nor was the filing fee paid by the deadline. Instead, in response, Plaintiff filed "Remittance" in which he stated that he was "consenting to set-off, and/or adjustment of filing fee, in the amount of $402.00" [Dkt. 6]. On January 10, 2023, the Court informed Plaintiff that this was insufficient and again reminded him of the obligation to pay the filing fee or submit a complete application to proceed *in forma pauperis* no later than January 27, 2023 [Dkt. 10]. The Court further warned Plaintiff "that failure to comply with this Order may result in the dismissal of this case" [Dkt. 10]. To date, Plaintiff has failed to pay the filing fee or submit a complete application to proceed *in*

REPORT AND RECOMMENDATION – Page 1

*forma pauperis*. It is Plaintiff's responsibility to pay the required filing fee. Thus, he has failed to prosecute this case. *See* FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee or show cause for his failure to do so. Thus, the present case should be dismissed. *See Cooper v. Rusk Cnty. Jail*, No. 4:22-CV-00771-SDJ-CAN, 2022 WL 18502826, at *1 (E.D. Tex. Dec. 7, 2022), *report and recommendation adopted*, No. 4:22-CV-771-SDJ, 2023 WL 1116521 (E.D. Tex. Jan. 30, 2023) (dismissing pursuant to Rule 41(b) for failure to pay the filing fee or submit a complete application for *in forma pauperis* status); *Brooks v. Kelly*, No. 4:19-cv-00918-SDJ-CAN (E.D. Tex. Apr. 20, 2020), ECF No. 13 (recommending dismissal under Rule 41 after the *pro se* prisoner plaintiff failed to comply with the Court's order requiring payment of the initial partial filing fee), *report and recommendation adopted*, No. 4:19-cv-918 (E.D. Tex. May 14, 2020), ECF No. 15; *Pruitt v. Huerta*, No. 7:16-MC-1007, 2020 WL 8099509, at *2 (S.D. Tex. Oct. 19, 2020) (same), *report and recommendation adopted*, No. 7:16-MC-01007, 2021 WL 122949 (S.D. Tex. Jan. 13, 2021).

## CONCLUSION AND RECOMMENDATION

It is therefore recommended that the complaint be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE